1224 

BARNETT MEISTERMAN ET AL., EXECUTORS, ETC., PLAIN-
TIFFS, v. HERMAN LOZOWICK ET AL., DEFENDANTS.

NATHAN SHAW, PLAINTIFF, v. HERMAN LOZOWICK ET
AL., DEFENDANTS.

Decided November 20, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and CASE.

For the rules, *McCarter & English* and *Augustus C.
Studer, Jr.*

*Contra, Joseph Coult* and *William Krueger.*

PER CURIAM.

Samuel G. Meisterman, Nathan Shaw and a man named
Sevrin were riding from New Brunswick to Newark in a
Studebaker car, the car being driven by Sevrin. When near
Woodbridge their car collided with the rear end of a truck
owned by the defendant Lozowick and driven by his employe,
Jones. This truck, according to the testimony submitted on
the part of the plaintiffs, was standing on the highway with-
out any lights at its rear, and was not observed by Sevrin, the
night being a dark and misty one, until too late for him to
avoid colliding with it. This testimony was contradicted by
the defendant Jones, who was driving the truck, he testify-

ing that his truck was moving along the highway at the time of the collision and that there was a lantern attached to the rear thereof by rope. As a result of the collision Meisterman was killed and Shaw considerably bruised and his muscles sprained. The trial resulted in verdicts in favor of both of the plaintiffs, the jury awarding the executors of Meisterman the sum of $75,000 and Shaw the sum of $800.

The first contention made by counsel for the defendants as a ground for directing a retrial of the cases is that the verdicts are against the weight of the evidence. Our reading of the testimony satisfies us that the jury was entirely justified in believing the testimony submitted on the part of the plaintiffs as to the conditions under which the collision occurred and disregarding that of the defendant Jones so far as it contradicted the plaintiffs' evidence; and, this being so, we conclude that the contention that the verdicts are against the weight of the evidence is without merit.

It is further contended that the damages awarded by the jury in each of these cases are excessive. We think this contention is not justified so far as the award to Shaw is concerned. We reach the opposite conclusion, however, as to the award to the executors of Meisterman. Our conclusion is that the award is that the case is so manifestly excessive as to justify a setting aside of the verdict and directing a new trial of the cause.

It is also urged that the court committed error in refusing certain objections made by the defendants' counsel to questions put to the witness Jones on cross-examination. We find nothing of merit, however, in this contention, nor is there anything in the argument submitted in support of it which requires discussion.

The rule to show cause in the case of Shaw against the defendants will be discharged, and that in the case of Meisterman's executors against the defendants will be made absolute.